UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WILLIAM FALEN

                      Plaintiff,

                  -against-

CITY OF NEW YORK, LIEUTENANT DANIEL
ALBANO, POLICE OFFICER ARTHUR CLARKE
and other unidentified members of the New York
City Police Department,

                      Defendants.
------------------------------------------------------------X

08 CV 5677

08 Civ.

**COMPLAINT**

**JURY DEMAND**



## PRELIMINARY STATEMENT

    1.    This is civil rights action to recover money damages arising out of defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the First, Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiff a street preacher was arrested at a public park for doing nothing more than repeatedly reciting the words of the First Amendment to the Constitution of the United States. Plaintiff was falsely arrested and charged with Harassment in the Second Degree while engaged in First Amendment protected activity. Plaintiff was deprived of his constitutional and common law rights when the individual defendants unlawfully confined plaintiff, and caused the unjustifiable arrest and prosecution of plaintiff.

## JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this

Court by 28 U.S.C. §§ 1331, 1343 (3) and (4) and the aforementioned statutory and constitutional provisions.

3. The plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

4. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district.

## PARTIES

5. Plaintiff William Talen is a resident of the State of New York. Mr. Talen is a citizen of the United States, and is and was at all times relevant herein a resident of the City of New York, State of New York.

6. New York City Lieutenant Daniel Albano and police officer Arthur Clarke are and were at all times relevant herein officers, employees and agents of the New York City Police Department. The individual defendants are being sued in their individual and official capacities.

7. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct

incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the New York City Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

8. Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department.

## STATEMENT OF FACTS

9. *Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.*

10. It is the repeated recitation of those forty-five words of the First Amendment to the United States Constitution that lead to the arrest of plaintiff.

11. Plaintiff, William Talen, is a well known street preacher who goes by the name of Reverend Billy.

12. On June 29, 2007, plaintiff gathered with others including his wife to protest

at Union Square Park against the New York City Police Department's new permit requirement for the bicycle group Critical Mass and the proposed New York City permit requirements for photographers and film-makers.

13. Plaintiff stood in an area of the park that was open to the public and was reciting the First Amendment through a non-electric bullhorn.

14. Plaintiff's conduct did not violate any laws nor any administrative ordinances.

15. Plaintiff was simply reciting the words of the Constitution which protected the activity he was engaged in.

16. As plaintiff was speaking he was approached by a New York City police officer who told plaintiff that he was interrupting a meeting that he and other officers were having.

17. Plaintiff stopped momentarily to listen to the officer but after the officer left he continued to recite the First Amendment.

18. Shortly thereafter, upon information and belief, defendant Lieutenant Daniel Albano, directed an officer to arrest plaintiff.

19. Defendant police officer Arthur Clarke approached plaintiff as he was speaking and placed plaintiff in handcuffs.

20. Plaintiff was brought to the precinct where he was charged with two counts of Harassment in the Second Degree.

21. The complaint filed against plaintiff by defendant Arthur Clarke falsely alleged that plaintiff stood within three feet of a group of police officers while shouting at them.

22. At no time was plaintiff within three feet of the officers as he recited the First Amendment.

23. Again, plaintiff was simply engaged in peaceful First Amendment protest.

24. After his arrest plaintiff was held for more than twenty hours before being brought before a Judge who released him on his own recognizance.

25. After several appearances in court the case against plaintiff was dismissed when on November 14, 2007, a Judge of the Criminal Court of the City of New York dismissed the case because the District Attorney's office failed to prosecute the criminal matter.

26. As a direct and proximate result of the acts of defendants, plaintiff suffered violation of civil rights, embarrassment, humiliation, loss of liberty, psychological injury, pain, suffering, emotional distress and mental anguish.

27. A notice of claim was served on the Comptroller of the City of New York and at least thirty days have elapsed since the service of such notice and adjustment and/or payment has been neglected and/or refused.

### **FIRST CAUSE OF ACTION**

### **Violation of Plaintiff's Fourth Amendment and**

### **Fourteenth Amendment Rights**

28. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 27 with the same force and effect as if more fully set forth at length herein.

29. Defendants who were acting in concert and within the scope of their authority, arrested and caused plaintiff to be imprisoned without probable cause in violation of plaintiff's right

to be free of an unreasonable seizure under the Fourth Amendment to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

## SECOND CAUSE OF ACTION

### Violation of Plaintiff's First Amendment Right

30. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 29 with the same force and effect as if more fully set forth at length herein.

31. The acts and conduct of the defendants in arresting plaintiff to prevent him from exercising his right of free speech violates plaintiff's rights under the First Amendment to the United States Constitution.

## THIRD CAUSE OF ACTION

### False Arrest

32. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 31 with the same force and effect as if more fully set forth at length herein.

33. The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New York. Defendants intended to confine plaintiff and, in fact, confined plaintiff, and plaintiff was conscious of the confinement. In addition, plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

34. Defendants were at all times agents, servants, and employees acting within the

scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

35. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## FOURTH CAUSE OF ACTION

### Malicious Prosecution

36. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 35 with the same force and effect as if more fully set forth at length herein.

37. The acts and conduct of the defendants constitute malicious prosecution under the laws of the State of New York and under the Fourth Amendment to the United States Constitution. Defendants commenced and continued a criminal proceeding against plaintiff. There was actual malice and an absence of probable cause for the proceeding. In addition, the proceeding terminated favorably to plaintiff.

38. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

39. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

Case 1:08-cv-05677-RPP    Document 1    Filed 06/24/2008    Page 8 of 9

## FIFTH CAUSE OF ACTION

### Negligent Hiring, Retention, Training and Supervision

40. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 39 with the same force and effect as if more fully set forth at length herein.

41. The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise the defendants, individuals who were unfit for the performance of police duties on June 29, 2007, at the aforementioned location.

42. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## JURY DEMAND

43. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief as follows:

That the jury find and the Court adjudge and decree that plaintiff shall recover compensatory damages in the sum of $500,000.00 against the individual defendants and the City of New York, jointly and severally, together with interest and costs; and punitive damages in the sum of $500,000.00 against the individual defendants, jointly and severally.

1. That the plaintiff recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. §1988.

2. That the plaintiff have such other and further relief as the Court shall deem

just and proper.

DATED:    June 24, 2008
          New York, New York

                                                                            _____
                                                                            EARL S. WARD, ESQ. (EW 2875)
                                                                            545 Madison Avenue, 3rd Floor
                                                                            New York, New York 10022
                                                                            (212) 763-5070

                                                                            NORMAN SIEGEL, ESQ. (NS 6850)
                                                                            260 Madison Avenue, 18th Floor
                                                                             New York, New York 10016
                                                                            (212) 532-7586

                                                                            ATTORNEYS FOR PLAINTIFF